Newman, Circuit Judge, dissenting.
I write in concern for perpetuation of the erroneous position that the PTAB need not apply the prior final judicial decision of the same issue of the same claims of the same patent.[1] This error not only produces an incorrect result in this case, but will further impart uncertainty to proceedings under the America Invents Act. The purpose whereby the PTAB was created as an agency tribunal, in order to provide stable law and economical determination of patent validity, is negated when final adjudication in a court of last resort may be ignored, and the issue litigated afresh in the agency tribunal.
The Supreme Court has recognized, "courts may take it as given that Congress has legislated with the expectation that the principle [of issue preclusion] will apply except when a statutory purpose to the contrary is evident." B & B Hardware, Inc. v. Hargis Indus., Inc. , --- U.S. ----, 135 S.Ct. 1293, 1303, 1305-06, 191 L.Ed.2d 222 (2015) (alteration in original) (quoting Astoria Fed. Sav. & Loan Ass'n v. Solimino , 501 U.S. 104, 108, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991) ). A prior judicial decision resolving the same issue is accorded preclusive effect not only in subsequent court proceedings but also before an administrative agency, subject only to the established equitable and due process exceptions to preclusion.
However, the PTAB stated that "precedent makes clear that the USPTO is not bound in reexamination proceedings by claim constructions produced by a court." PTAB Op. *12. While precedent has previously addressed the effect of a prior district court claim construction on a subsequent PTO proceeding, never before has a final claim construction by this court been held not to be preclusive.
Here the claim construction was decided by the Federal Circuit, as a matter of law, in MEMS Technology Berhad v. International Trade Commission, 447 Fed.Appx. 142 (Fed. Cir. 2011). No equitable or due process exception to issue preclusion is here asserted; thus preclusion should apply. The majority declines to discuss this question, which is presented on this appeal. By this silence, my colleagues are reinforcing this incorrect position. I respectfully dissent.
*1370 Federal Circuit Decisions on the Same Patent Should Apply in Subsequent PTAB Proceedings
The PTAB states that "precedent makes clear that the USPTO is not bound in reexamination proceedings by claim constructions produced by a court." PTAB Op. *12. The Federal Circuit, through silence, endorses this irregularity. However, judicial resolution of a question of law cannot be ignored. The result, as here illustrated, is duplicate proceedings in the courts and the PTO, inhibiting finality of judicial determinations in areas subject to the America Invents Act.
In this case, the PTAB declined to apply the Federal Circuit's prior decision construing the same term of the same claims of the same patent, citing precedent that had previously been directed to district court decisions. PTAB Op. *12 (citing In re Trans Tex. Holdings Corp. , 498 F.3d 1290, 1301 (Fed. Cir. 2007) ("We conclude that the Board was not bound by the district court's claim construction ....") ).
The panel majority declines to consider whether the PTAB is bound by the Federal Circuit's decision on the same patent in MEMS Technology Berhad v. International Trade Commission , 447 Fed.Appx. 142 (Fed. Cir. 2011). Instead, the panel majority condones the PTAB's conduct of a full trial of the same issue, stating that this court only "reviews the reasonableness of the [US]PTO's disputed claim term interpretations," Maj. Op. 1362, in disregard of the Federal Circuit's prior interpretation of the same claim term in MEMS Technology.
The purpose of the America Invents Act is to provide a more efficient and less costly post-grant determination of certain validity issues, compared with the time and cost of court litigation. Such purpose is negated by duplicate PTO litigation of the same question after prior final judicial decision. Such duplicate proceeding is appropriately governed by the principles of collateral estoppel, as summarized in Sections 27-29 of the Restatement (Second) of Judgments (Am. Law Inst. 1982). As discussed by the Supreme Court in United States v. Mendoza , the Court stated:
Under the judicially-developed doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation. Montana v. United States, 440 U.S. 147, 153 [99 S.Ct. 970, 59 L.Ed.2d 210] (1979). Collateral estoppel, like the related doctrine of res judicata, serves to "relieve parties of the cost and vexation of multiple law-suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 [101 S.Ct. 411, 66 L.Ed.2d 308] (1980).
464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (footnote omitted). The Court summarized the principles of non-mutual collateral estoppel:
In furtherance of those policies, this Court in recent years has broadened the scope of the doctrine of collateral estoppel beyond its common law limits. Ibid. [ Allen v. McCurry, 449 U.S. at 94 [101 S.Ct. 411].] It has done so by abandoning the requirement of mutuality of parties, Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation , 402 U.S. 313 [91 S.Ct. 1434, 28 L.Ed.2d 788] (1971), and by conditionally approving the "offensive" use of collateral estoppel by a non-party to a prior lawsuit. Parklane Hosiery [Co. v. Shore , 439 U.S. 322 [99 S.Ct. 645, 58 L.Ed.2d 552] (1979) ].
Mendoza , 464 U.S. at 158, 104 S.Ct. 568.
In Trans Texas , on appeal from an ex parte PTO reexamination decision, this *1371 court declined to apply issue preclusion, stating that the PTO was not a party to the district court infringement litigation where the same term was construed. 498 F.3d at 1296-98. Both Trans Texas and the more recent Power Integrations case dealt with a prior district court decision, not a prior final decision of the Federal Circuit. See Power Integrations, Inc. v. Lee , 797 F.3d 1318, 1326-27 (Fed. Cir. 2015) (stating that the PTAB should address but is not bound by the previous judicial claim construction).
This conflict between court decision and agency obligation raises issues of litigation and patent policy, as well as invoking the fundamentals of stare decisis and separation of powers. The adjudication of questions of patent law takes on special significance in light of the purposes of the America Invents Act. The purposes of efficiency, economy, and finality of patent review are lost when judicial determination of the same question of patentability has been completed, including appeal to and decision by the Federal Circuit-yet the decision is ignored and the proceeding repeated by the administrative agency and again appealed to the Federal Circuit; and where, as here, the Federal Circuit reaches a contrary decision.
In B & B Hardware, Inc. v. Hargis Industries, Inc. , --- U.S. ----, 135 S.Ct. 1293, 191 L.Ed.2d 222 (2015), the Court approved of issue preclusion arising from a decision of the Trademark Trial and Appeal Board, in later proceedings on the same issue in a court. The Court explained reciprocity of issue preclusion, and that a court may be precluded by a prior agency decision, just as an agency is precluded by a prior court decision. The Court stated:
Both this Court's cases and the Restatement make clear that issue preclusion is not limited to those situations in which the same issue is before two courts . Rather, where a single issue is before a court and an administrative agency, preclusion also often applies. Indeed, this Court has explained that because the principle of issue preclusion was so "well established" at common law, in those situations in which Congress has authorized agencies to resolve disputes, "courts may take it as given that Congress has legislated with the expectation that the principle [of issue preclusion] will apply except when a statutory purpose to the contrary is evident."
Id. at 1303 (alteration in original) (quoting Astoria , 501 U.S. at 108, 111 S.Ct. 2166 ). These principles are recorded in the Restatement (Second) of Judgments § 83(1), stating that with limits, "a valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of a court." See also id. § 83 cmt. f (defining res judicata to include both the doctrines of claim preclusion and issue preclusion).
The Court in B & B Hardware further recited that a district court's prior determination is binding in TTAB proceedings involving the same issue:
Neither is issue preclusion a one-way street. When a district court, as part of its judgment, decides an issue that overlaps with part of the TTAB's analysis, the TTAB gives preclusive effect to the court's judgment.
135 S.Ct. at 1305-06 ; see also id. at 1309-10 (procedural differences between TTAB proceedings and courts do not negate issue preclusion).
Nothing in the America Invents Act suggests a legislative intent to depart from this precedent, and to take the unusual step of excusing the PTO from the rules of preclusion and the effect of prior judicial determination. Here the PTAB, citing this *1372 court's ruling in Trans Texas, held that no preclusion arose from the Federal Circuit's decisions concerning the same patent in MEMS Technology . PTAB Op. *12. My colleagues on this panel find "no inconsistency with the PTAB's construction of the claim term 'package' here," Maj. Op. 1364, although the constructions are dispositively inconsistent. And while Power Integrations , 797 F.3d at 1326-27, related to the district court's claim construction, until today no precedent has held that the Federal Circuit's claim construction has no preclusive effect.
I suggest that the "consisten[cy]" mentioned in Power Integrations is the wrong inquiry. The question is whether the PTAB decision is precluded by the prior judicial decision, and whether any equitable or due process exception to preclusion may apply. See B & B Hardware, 135 S.Ct. at 1298, 1303. Material to this determination is the purpose of the America Invents Act to provide "a quick and cost effective alternative to litigation." H.R. Rep. 112-98, pt. 1 at 48 (2011). See also Patent Reform: The Future of American Innovation: Hearing Before the Senate Comm. on the Judiciary , 110th Cong. 7 (2007), where PTO Director Jon W. Dudas explained the role of this proposed new agency tribunal:
The idea was that this could serve as a meaningful alternative to litigation, probably less costly, certainly before experts at the Patent and Trademark Office. We also thought that it is very important if you are going to have a second window, if you are going to have a post-grant review, that you have very real estoppel, that you have a choice between litigation and post-grant review, that we should not have a situation where we set up forum shopping or giving several bites at the apple, that there should be true estoppel.
To achieve this purpose, the AIA included the proposed estoppel whereby an agency decision would finally resolve, between the parties, certain issues previously subject only to litigation. However, when litigation has already occurred and been appealed to finality, an ensuing PTAB proceeding is not only redundant-it negates the statutory purposes of efficiency, cost savings, and finality.
The issue of claim construction is a question of law. See Teva Pharm. USA, Inc. v. Sandoz, Inc., --- U.S. ----, 135 S.Ct. 831, 836-38, 841-42, --- L.Ed.2d ---- (2015) (stating that "the ultimate question of construction will remain a legal question"); Markman v. Westview Instruments., Inc. , 517 U.S. 370, 390-91, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) (stating the "importance of uniformity in the treatment of a given patent" and "treating interpretive issues as purely legal will promote (though it will not guarantee) intrajurisdictional certainty"). Questions of law must be correctly decided, whatever the tribunal.
Collateral estoppel is naturally subject to equitable principles, including exceptions and policy considerations. See Restatement (Second) of Judgments §§ 28 - 29 (reporting "Exceptions to the General Rule of Issue Preclusion" and discussing non-mutual "Issue Preclusion in Subsequent Litigation with Others"); see also Parklane Hosiery Co. v. Shore , 439 U.S. 322, 329-31, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (reasons of policy and equity as limits on non-mutual collateral estoppel).
A primary purpose of collateral estoppel in the patent context is the final and uniform resolution of validity issues. In Miken Composites, L.L.C. v. Wilson Sporting Goods Co. , the court "note[d] that the claim construction affirmed in this case is fully consistent with the interpretation given to the same limitation" in prior litigation, and that doing otherwise "would run counter to the Supreme Court's guidance *1373 on stare decisis in Markman ." 515 F.3d 1331, 1338 n.* (Fed. Cir. 2008) ; see also Key Pharm. v. Hercon Labs. Corp., 161 F.3d 709, 716 (Fed. Cir. 1998) ("We do not take our task lightly in this regard, as we recognize the national stare decisis effect that this court's decisions on claim construction have.").
A purpose of the AIA is to save time and cost, not to double it. The judicial obligation is to implement the statutory purpose. Guided by the Court, both mutual and non-mutual collateral estoppel must be considered. Thus I do not join my colleagues' implicit holding that the PTAB is not bound by the final Federal Circuit decision in MEMS Technology , on the same term of the same claims of the same patent. Where no cogent reason to reject the prior construction of a claim term is presented, no deviation should be permitted. See Markman , 517 U.S. at 390-91, 116 S.Ct. 1384 (recognizing the need for "uniformity in the treatment of a given patent").
In MEMS Technology the Federal Circuit, on appeal of an ITC determination, construed the term "package" in the claimed microelectromechanical system as "a self-contained unit that has two levels of connection, to the device and to a circuit (or other system)," 447 Fed.Appx. at 159, reasoning that "[t]he requirement that the components listed in the claim body come together to form a mountable package is [ ] an important characteristic of the claimed invention." Id. at 154 (internal quotation marks omitted). The PTAB here adopted a somewhat different construction of "package," as "requir[ing] a second-level mechanical and electrical connection," but "need not possess a second-level connection to a printed circuit board that is made specifically by either through-hole mounting or surface mounting. Rather, a package may be connected to an external component such as a wiring board or printed circuit board by any electromechanical means." PTAB Op. *9, *12. The difference between these constructions may not appear to be large, but the PTAB's construction sufficed to hold claims 1-4 invalid on the ground of anticipation whereas the Federal Circuit's construction sustained validity on the ground of anticipation.
The panel majority holds that the PTAB "properly construed the claim term 'package,' " and does not discuss whether the PTAB is required to follow the prior Federal Circuit construction. Maj. Op. 1356. Judicial finality is not so easily cast aside. On the position that collateral estoppel does not arise in patent cases, neither the patentee nor the public can rely on judicial determination of an issue that might later be taken to the PTAB. This court should recognize the significant legal and economic consequences of conflict between judicial ruling and agency decision, in which patent life and investment resources are consumed in duplicate litigation, with no reliable finality.
The America Invents Act created a unique balance of administrative process and judicial determination, in service to the public benefit of technologic advance. Achieving the optimum balance is critical. The issue of preclusion flagged herein warrants resolution.

Cirrus Logic Inc. v. Knowles Elecs. LLC , No. 15-4342, 2015 WL 5272691 (P.T.A.B. Sept. 8, 2015) ("PTAB Op."); Cirrus Logic Inc. v. Knowles Elecs. LLC , No. 15-4342, 2016 WL 1378707 (P.T.A.B. Apr. 5, 2016) ("PTAB Rehearing Op.").